**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| | § | CASE NO. 15-41255-BTR |
| WINGSPAN PORTFOLIO ADVISORS, LLC, | § § § | (Chapter 7) |
| DEBTOR. | § § § | |
| MICHELLE H. CHOW, CHAPTER 7 TRUSTEE, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | ADVERSARY CASE NO. _____ |
| B.H. MELBOURNE DELAWARE, LLC | § § § | |
| Defendant. | § | |

**COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL AND FRAUDULENT TRANSFERS**

**COMES NOW** Michelle H. Chow, the Chapter 7 Trustee for the Bankruptcy Estate of Wingspan Portfolio Advisors, LLC, and files this, her *Complaint to Avoid and Recover Preferential and Fraudulent Transfers* against B.H. Melbourne Delaware, LLC and alleges as follows:

### I.    JURISDICTION

1. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A) and (E).

2. Venue is proper in this District pursuant to 28 U.S.C. §1409(a).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Relief is sought pursuant to 11 U.S.C. §§ 544, 548, 549, and 550, and other applicable law.

## II.  PARTIES

4. Plaintiff Michelle H. Chow is the duly appointed Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the Bankruptcy Estate of Wingspan Portfolio Advisors, LLC.  Plaintiff may be served in this adversary proceeding through the undersigned attorney.

5. Defendant B.H. Melbourne Delaware, LLC ("**Landlord**") is a foreign limited liability business incorporated in the State of Florida.  Defendant Landlord may be served with process by mailing this Complaint and Summons by certified mail, return receipt requested, to its registered agent, NRAI Services, Inc., 515 E. Park Avenue, Tallahassee, Florida 32301.

## III.  BACKGROUND

6. On July 13, 2015 ("**Petition Date**"), Wingspan Portfolio Advisors, LLC ("**Debtor**") filed a Voluntary Petition under Chapter 7 of the UNITED STATES BANKRUPTCY CODE.

7. Prior to the Petition Date, on February 6, 2013, the Debtor entered into a Master Agreement with Chase under which the Debtor would provide mortgage services to Chase at its Melbourne, Florida location.  On the same date, the Debtor entered into an Asset Purchase Agreement the ("**APA**") with Chase to purchase from Chase the "**Transferred Assets**" (as defined in the APA) used in the mortgage servicing business at a site in Melbourne, Florida.  The Debtor purchased the Transferred Assets for the sum of $1,122,000.00.

8. In conjunction with the Master Agreement and the APA, Chase required the Debtor to take over its lease at the Melbourne location.  On February 6, 2013, Wingspan signed an Office Lease Agreement ("**Melbourne Lease**") with Landlord.[1]  The Melbourne Lease committed the Debtor to transfer the Transferred Assets to the Landlord for <u>no</u> consideration at the end of the lease. Paragraph 24 of the Melbourne Lease required the Debtor to leave at the Premises furniture,

---

[1] A copy of the Melbourne Lease is attached as Exhibit 1.

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND FRAUDULENT TRANSFERS**            **Page 2**

fixtures and other property which included the existing PBX phone system with existing phones and "any and all furniture (including all chairs) cubicle partitions, desks and chairs located within the Premises as of the date of this Lease." (collectively, the "**Existing FF&E**"). The lease further provided that the Existing FF&E surrendered by the Debtor would become property of the Landlord without any further action by the Debtor.

9. On February 22, 2013, the Debtor sent a wire in the amount of $1,122,000.00 to Banc One Building Corp. The Debtor's ledger contains a notation that the payment is for "Furniture & Fixtures—Melbourne, FL, site assumption from JP Morgan Chase."

10. In the spring of 2015, Chase terminated its agreement with the Debtor and the Debtor began to vacate the Melbourne location by laying off employees. By the time that the bankruptcy case was filed, the Debtor had closed the Melbourne location and had surrendered the Existing FF&E (the "Furniture Transfer") as required by the Lease. At the time of bankruptcy filing, the Landlord claimed to own the Existing FF&E and that the estate had no interest in such furniture and fixtures. Landlord did not pay any consideration for the Furniture Transfer.

## IV. CAUSES OF ACTION

### COUNT ONE – FRAUDULENT TRANSFER
### (11 U.S.C. § 544)

11. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. Pursuant to Texas Business and Commerce Code 24.001 *et seq.*, made applicable by 11 U.S.C. § 544(b)(1), a transfer made or obligation incurred by a debtor is fraudulent as to a creditor if the transfer was made with actual intent to hinder, delay or defraud any creditor of the Debtor or without any reasonably equivalent value.

13. The Debtor incurred the Melbourne Lease obligation, which obligated it to leave the Existing FF&E at the Debtor's former location in Florida. The Debtor had paid $1,122,000.00 for the furniture and fixtures. However, due to the terms of the Melbourne Lease, it had no ability to sell or otherwise monetize its purchase in the furniture   Landlord did not pay any consideration for the Furniture Transfer. Accordingly, the Debtor did not receive any value, much less reasonable equivalent value, in exchange incurring the Melbourne Lease obligation to leave the furniture and fixtures in the lease space.

14. At the time the Melbourne Lease was executed, the Debtor was (i) insolvent or became insolvent as a result of the incurrence of the obligation to leave its asserts behind, (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or (iii) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

15. Accordingly, the Lease and the Furniture Transfer are avoidable as a fraudulent obligation pursuant to Texas Business and Commerce Code Texas Business and Commerce Code 24.001, 24.005 and 11 U.S.C. § 544 of the Bankruptcy Code.

## COUNT TWO– FRAUDULENT TRANSFER
### (11 U.S.C. § 548)

16. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. In the alternative to Count One above, upon information and belief, the Furniture Transfer was an interest of the Debtor in property, and was made with actual intent to hinder, delay or defraud any entity to which the Debtor was or became on or after the date that such Furniture Transfer was made or such obligation was incurred or indebted.

18. At the time the Furniture Transfer was made, the Debtor did not receive any value, much less reasonable equivalent value, in exchange for the Furniture Transfer.

19. Upon information and belief, at the time the Furniture Transfer was made, the Debtor was (i) insolvent or became insolvent as a result of the Furniture Transfer, (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital, or (iii) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

20. Accordingly, the Furniture Transfer is avoidable pursuant to 11 U.S.C. § 548 of the Bankruptcy Code. Plaintiff hereby sues to recover the Furniture Transfer, or the value thereof, from Landlord pursuant to 11 U.S.C. §§ 548 and 550.

## COUNT THREE – POST PETITION TRANSFER
### (11 U.S.C. § 549)

21. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. To the extent that any of the Furniture Transfer was made post petition, the Plaintiff seeks to avoid this Furniture Transfer pursuant to 11 U.S.C. § 549 of the Bankruptcy Code.

23. Accordingly, the Furniture Transfer is avoidable pursuant to 11 U.S.C. § 549 of the Bankruptcy Code. Plaintiff hereby sues to recover the Furniture Transfer, or the value thereof, from Landlord pursuant to 11 U.S.C. §§ 549 and 550.

## V. ATTORNEYS' FEES

24. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. The Trustee seeks recovery of her attorneys' fees and costs incurred in prosecution of this matter pursuant to §24.013 of the TEXAS BUSINESS & COMMERCE CODE, and under any other applicable provision at law or at equity, for which the Trustee now sues.

## VI. PRE- AND POST-JUDGMENT INTEREST

26. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. The Trustee seeks payment of pre-judgment interest on the value of all Transfers from the date of filing through the date of judgment at the rate of six percent (6%) per annum. Plaintiff seeks payment of post-judgment interest on all money damages awarded hereunder from the date of judgment until paid at the prevailing federal judgment rate.

## VII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Michelle H. Chow, Chapter 7 Trustee for the Bankruptcy Estate of Wingspan Portfolio Advisors, LLC, would respectfully pray that the Court:

1. enter judgment in favor of Plaintiff and against Defendant B.H. Melbourne Delaware, LLC in the amount of $1,122,000.00 or the value of the Existing FF&E;

2. grant Plaintiff pre-judgment interest on the value of all transfers from the date of filing through the date of judgment at the rate of six percent (6%) per annum;

3. grant Plaintiff post-judgment interest on all money damages awarded hereunder from the date of judgment until paid at the prevailing federal judgment rate;

4.     grant Plaintiff her attorney's fees and costs; and

5.     grant Plaintiff such other and further relief as this Court deems just and proper.

**Dated:  July 13, 2017**

>Respectfully submitted,
>
>SINGER & LEVICK, P.C.
>
>By:     /s/  Michelle E. Shriro
>          Michelle E. Shriro
>          State Bar No. 18310900
>
>16200 Addison Road, Suite 140
>Addison, Texas  75001
>Phone: 972.380.5533
>Fax: 972.380.5748
>Email:  mshriro@singerlevick.com
>
>ATTORNEYS FOR MICHELLE H. CHOW, TRUSTEE